Dear Mr. Polk:
You have requested a clarification of Opinion Number 97-350 on behalf of Rapides Fire Protection District No. 2, concerning whether Car No. 2 is a "fire fighting apparatus" or a "standard passenger vehicle" under LSA-R.S. 33:1967.2.
In your previous request, you described Car No. 2 as a two person vehicle, "used to transport firemen, SCBA, generators, lights, maps and various other hard tools and miscellaneous items", but does not have a permanently mounted water pump and does not carry water or a fire hose.
LSA-R.S. 33:1967.2 mandates:
 A. As used in this Section, the term "fire fighting apparatus" shall mean any type of automotive equipment specifically designed for fire fighting purposes and shall not include standard passenger vehicles.
 B. Each unit of "fire fighting apparatus" operated by Fire District Number Two of Rapides Parish shall at times be manned by a fire fighter holding the rank of captain and a fire fighter holding the rank of engineer or driver. Such a minimum crew shall be provided on each shift for each unit of fire fighting apparatus in service in the department. Each such unit shall be under the control of the captain assigned to that unit and shall be operated by the engineer or driver so assigned.
The phrase, "fire fighting apparatus" does not apply to Car No. 2, in our opinion. By your description, Car No. 2 qualifies, not as a automotive equipment specifically designed for fire fighting purposes, but more as a standard passenger vehicle used by the District to transport fire precaution-related items and individuals.
However, this status does not change our conclusion in Opinion Number 97-350. As stated in that opinion, Act 134 of 1962 added the requirement that all cities having engineers or fire drivers "operating" fire cars or other fire vehicles at the time of the enactment, "shall" continue that practice. While the automobile in question may not qualify as a "fire fighting apparatus", it still is a fire vehicle used by the District within the scope of its duties.
Therefore, if it was the practice of the District to provide an engineer or fire driver for the operation of standard passenger vehicles under its jurisdiction when Act 134 was enacted in 1962, then that same practice is subsequently mandated. If this was not the case, it is within the District's discretion whether to assign a fire driver or engineer as the driver of that vehicle.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
CARLOS M. FINALET, III
Assistant Attorney General